Mr. Justice James
delivered the opinion of the court:
This suit was brought on March 11, 1880. In the first and ■second counts, respectively, of his declaration, the plaintiff sets out two promissory notes given by the defendant to the plaintiff on March 10, 1873; one for $7,000, due March 13, 1875, the other for $8,000, due March 13, 1876; and he adds the common money counts. To each of these the defendant pleads that the alleged cause of action did not accrue within -three years before this suit.
At the trial the plaintiff offered in evidence these notes ■and a deed of Shepherd and wife, of the same date, conveying to William Thompson certain real estate in trust to secure the payment of these notes; and then for the purpose ■of showing that, within three years before this suit was brought, the defendant had acknowledged the notes to be a •subsisting indebtedness which he promised to pay, he offered in evidence, having first proved its execution by the parties whose names are attached to it, the following writing:
*386 “In consideration of the indebtedness described in the-deed of trust to William Thompson, trustee, (further designating the same by reference to the land .records) the demand and claim of A. C. Bradley, to the use of A. R. Shepherd and others, against the United States, for the use and occupation of the premises No. 915 E street, northwest, and all the proceeds thereof and the moneys derived therefrom, are-hereby pledged and made applicable to the payment of said indebtedness, with interest thereon at the rate of eight percent. per annum until paid. And it is hereby covenanted and agreed that any draft or check issued in payment or part payment of said claim shall be indorsed and delivered to the trustee named in said "trust, and the proceeds thereof' less all proper costs and charges, be applied to the payment of the said indebtedness, with interest as aforesaid, or to so-much thereof as the sum or sums of money so received is or are sufficient to pay. Witness our hands this 21st day of' June, 1877.” Signed A. C. Bradley and Alexander R. Shep-held. To this was subscribed the following: “ The undersigned, trustees, hereby consent and concur in the above-assignment. George Taylor, trustee, Samuel Gross, trustee, Peter E. Bacon, trustee.” This paper was excluded and the plaintiff took exception.
By the second bill of exceptions, which incorporates the-first, it appears that a deed by Shepherd and wife to Taylor and Cross and Bacon, conveying all of Shepherd’s property,, except his interest in the assets of A. R. Shepherd & Go., in trust for the benefit of his creditors, was offered by the plaintiff and admitted in evidence, and that the above paper was again offered and again excluded, whereupon the plaintiff" took exception. This deed of trust explains the assent of Taylor and the other trustees to the so-called assignment.
It is claimed on the part of the defendant that the excluded paper was an attempted transfer of an interest in a claim against the United States, and was, therefore, void by the operation of section 3477 of the Revised Statutes; and that, being void as a transfer, it could not be offered as a paper containing an acknowledgment of a subsisting indebtedness.
*387 Without examining the question whether it falls within the ruling of Spofford vs. Kirk, 97 U. S., 484, and Goodman vs. Niblack, 102 U. S., 556, we shall consider whether, if admitted to be void, so far as it is a transfer of an interest in a claim against the United States, it is therefore inadmissible as evidence of an acknowledgment of indebtedness and of a promise to pay that indebtedness.
The defendant’s position is that, even if the language of this paper would be construed as such an acknowledgment and promise, if found in an instrument which was valid in all respects, it can have no such force when coupled with an invalid transfer of an interest in a claim against the United-States. We have found no foundation for such a proposition. If the acknowledgment and promise can be gathered from the instrument and are not made dependent upon the provisions relating to the transfer, there is no reason why the paper may not be used as evidence of these facts, notwithstanding the law forbids it to be enforced as a contract for some other purpose. Starkie, (Ev., Vol. 2, p. 1333), says: “ An unstamped contract, containing directions to an agent,, is evidence to prove those directions. And although an instrument be inadmissible as evidence for want of a stamp,, yet the court may look at it for collateral purposes.” After some conflict of decisions in England, this principle may be said to have been settled by the case of Evans vs. Crothers, 1 De Gex, M. & G., 572. If this course is allowable under a statute which aims to derive revenue from evidence, it certainly must be proper under a law which has no special bearing on evidence and only seeks to suppress the particular evil of certain embarrassing transfers. As the Supreme Court intimated in Goodman vs. Niblack, the operation of this statute is not to be carried beyond the evils to be remedied; and the operation here insisted upon would, after defeating the transfer, add an actual penalty for attempting it, by impairing private rights in which the Government is not interested, and even by defeating the observance of moral obligations. The public interest can be protected without this private mischief.
*388 As we do not think this objection is tenable, we proceed to consider whether the paper in question actually contains .a substantive acknowledgment and promise to pay. To this question certain tests must be applied.
The Supreme Court of the United States has several times considered what kind of acknowledgment will take a case out of the statute of limitations. In Clementson vs. Williams, 8 Cr., 72, the Chief-Justice, delivering the opinion of the court, said : “ This acknowledgment goes to the original justice of the account. But this is not enough. * * * It is not sufficient to take the case out of the act that the claim should be proved or acknowledged to have been originally just; the acknowledgment must go to the fact that it is still due.” In Wetzell vs. Bussard, 11 Wh., 809, the court held that “ an acknowledgment which will revive the original cause of action must be unqualified and unconditional. It must show positively that the debt is due, in whole or in part. If it be connected with circumstances which in any way affect the claim, or if it be conditional, it may amount to a new assumpsit, for which the old debt is a sufficient consideration ; or if it be construed to revive the original debt, that revival is conditional; and the performance of the condition, or a readiness to perform it, must be shown.”
After stating these decisions, Mr. Justice Story, delivering the opinion of the court in Bell vs. Morrison, 1 Peters, 351 (362), said:
“We adhere to the doctrine thus stated, and think it the only exposition of the statute which is consistent with its true object and import. If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate ; and if any conditions are annexed, they ought to be shown to be performed.
“ If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, *389 ■which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a-promise or intention to pay, if the expressions be equivocal,, vague and indeterminate, leading to no certain conclusion , but at best to probable inferences, which may affect different minds in different ways, we think" they ought not to go to a jury as-evidence of a new promise to revive the cause of' action.”
Finally, in Moore vs. Bank of Columbia, 6 Peters, 86, (93), Mr. Justice Thompson, delivering the opinion of the court, said:
“ The principle clearly to be deduced from these cases is, that, in addition to the admission of a present subsisting debt', there must be either an express promise to pay, or circumstances from which an implied promise may fairly be presumed.”
Notwithstanding these repeated explanations of the statute, it must be admitted that the explanations themselves are expressed in terms which excuse the difference of counsel as to ,their precise meaning. We have, therefore, to state our own interpretation of Mr. Justice Story’s words. We hold that the rule, as laid down by him, does not require that willingness to pay should be expressed in terms in addition to the acknowledgment. It is sufficient that the form of the acknowledgment, or the circumstances surrounding it, indicate that the acknowledgment meant that the party was willing to pay. When this is indicated by either of these means, the law will imply a promise to act upon that willingness. If, by either of these means, an unwillingness to pay is conveyed, the law certainly will not imply a promise.
We think the paper before us contains an acknowledgment which, taken by itself and as a matter of interpretation, satisfies this rule. It speaks of the indebtedness described in the deed of trust to William Thompson, which was in evidence, as constituting the consideration for the particular promises and the pledge which follow. Next it proposes that this indebtedness shall carry interest at the rate of 8 per- cent, per annum “until paid thus extending-that rate *390 beyond the time provided by the notes. Surely such language cannot be said to lack any element of an acknowledgment that the original indebtedness still subsisted. A consideration must be something which has present vitality •and force; and a once existing indebtedness cannot be described as a consideration, even though the promise based on it be void, without involving a declaration that it still subsists as an indebtedness, and that it is one which the party is willing to observe. But something more appears in this paper. It provides that interest upon this indebtedness, at a certain rate, shall run until the indebtedness is paid. This provision not merely imports, it expresses a willingness to pay. We have no doubt, then, that the language of this paper, considered as a matter of interpretation, contains an acknowledgment that the original indebtedness described in the deed of trust to William Thompson is a still subsisting indebtedness which the party is liable and willing to pay> and that from such an acknowledgment the law must imply a promise to pay.
But it is argued on the part of the defendant, in view of what was said in Bell vs. Morrison in reference to the effect of circumstances to repel an inference of intention to pay the debt, that there are in this case circumstances which control the meaning of the words of this paper and explain its intention ; and that these circumstances repel the inference that defendant was willing and intended to pay his indebtedness generally. The fact that he had conveyed all his property, except his interest in a certain partnership, in trust for the benefit of his creditors, and that he had reserved a right to control and apply that property to the settlement of his debts —a provision said to be referred to by the act of the trustees in assenting to the proposed application of the claim against the United States — has been pointed out as a circumstance which shows that, in making this paper, the defendant intended only to exercise this reserved power to apply his property.
It is insisted that this so-called assignment was made in execution of that deed of trust, and that therefore its in- *391 'tendments must be drawn from and limited by the purposes «of the deed of trust. It is argued that when thus considered, the acknowledgment found in this paper cannot be held to import a willingness to pay generally, but must be held to import merely a willingness to apply property, in pursuance ■of the power reserved in the trust; and that an acknowledgment and willingness thus limited affect the implication of promise ; in other words, that the only promise which the law can imply from such elements is a promise to apply .property in the manner provided by the trust, not a promise to pay the debt generally. We have not failed to give -serious attention to this ingenious and very acute proposition ; but we think that, in appealing to the effect of repelling circumstances, counsel have omitted to observe that ■two other circumstances must be taken into the account. 'This paper provides, as we have already pointed out, that interest at an increased rate is to be reckoned on the debt. Now such an addition to the principal dejff would be utterly unmeanining and even absurd, if the intention was merely to apply certain property in pursuance of the power reserved in the deed of trust, when it was understood that the property so to be applied would not even pay the principal debt without interest. It was to an account thus made up that payment -was to be applied ; and, according to the ordinary rule, it would be applied first to the extinguishment qf interest and then to the principal debt. Now, such a method of payment and application is precisely \yhat happens when payment is made on an interest-bearing debt which is not within the statute of limitations, and that fact indicates that the defendant intended to put the transaction upon the footing, in all respects, of a payment upon an indebtedness not affected by the statute of limitations, but subsisting and ■to be paid like any other debt. Why a method of treating the debt which involved rests for interest, and the running •of interest until final payment, should be adopted without intending its usual consequences and implications, we ave •unable to perceiye. -The other circumstance is, that this in■debtedness was fully secured, as we must suppose, by the *392 deed of trust to William Thompson, under which, the plaintiff had power to compel a sale and to enforce full payment. This circumstance against whieltj, as, there is evidence to show, the defendant was anxious to provide, furnishes a reason for inferring, that he acted -uppn,a willingness tó pay the debt generally'; and for construing this proposed application of property, not as a mere application of trust property,, in accordance with a power reserved in the trust, but as a step toward the payment of his indebtedness generally ;' a step which he was the more willing to take because it would save from sacrifice the property which had been conveyed to-secure that debt.
There remains to be considered one more objection to the acknowledgment contained in this paper. It is alleged that the notes described in the deed of trust, to which it refers,, were at that time subject to credits ; that the balance due was, as a matter of fact, unascertained, and that therefore the acknowledgment was only an admission of some indebtedness, not of any particular indebtedness. It is claimed, on the authority of Bell vs. Morrison, that for that reason the acknowledgment was insufficient to take the case out of the-statute of limitations.
In that case Mr. Justice Story said: “The evidence is clear of the admission of an unsettled account, as well from the lettei’s of Butler, as the conversation of Morrison. The latter acknowledged that the partnership “was owing ” the plaintiff'; but as he had not the books, he could not settle with him. If this evidence stood alone, it would be too loose to entitle the plaintiff to recover anything. It is indispensible for the plaintiff to go further, and to establish, by independent evidence, the extent of the balance due him, before there can arise any promise to pay it as a subsisting debt. The acknowledgment of the party, then, does not constitute the sole ground of the new implied promise ; but it requires other extrinsic aid before it can possess legal certainty. Now, if this be so, does it not let in the whole mischief intended to be guarded against by the statute? Does it not enable the party to bring forward stale demands after a lapse of time,. *393 when the proper evidence of the real state of the transaction cannot be produced? Noes it not tend to encourage perjury, by removing the bar upon slight acknowledgments of an indeterminate nature? Can an admission that something'is dire, or some balance owing, be justly construed-into a promise to'pay any debt or balance which the party may •assert or prove before a jury?”
It is here pointed' out that the. implication of a new promise by Morrison would have to rest, not upon anything admitted by him, or upon proof of anything to explain what his admission meant, but upon proof added to and wholly independent of his admission. But no such feature appears in the present case. The plaintiff in this case is not put to the necessity to piece out or add to the defendant’s acknowledgment that the indebtedness consists of the three notes described in the deed to William Thompson, by proving that less is due, and just how much less. That proof is no part of plaintiff’s case ; it is matter of defense. An acknowledgment of too much is not vague and uncertain in itself ; nor is it rendered uncertain when the defendant shows in his defense that he had acknowledged too much, and that he is entitled to credits. If the acknowledgment in Bell vs. Morrison, instead of being an admission that there was an unsettled account, and that something was due on it, had been in this form: “ I acknowledge that the account as it a-ppears on your books is a still subsisting indebtedness,” it is plain that the Supreme Court would not have held that it could not support an implied promise, because it appeared on the trial that Morrison was entitled to credits not mentioned in those books. The promise would have been held to be definite and certain, but not binding to the full amount acknowledged. We hold, then, that this objection of uncertainty in the acknowledgment is not tenable.
As we are of the opinion that a sufficient acknowledgment' of a subsisting indebtedness is disclosed by the paper which was excluded at the trial, and that this acknowledgment was not made dependent upon the provisions of that paper relating to the claim against the United States, but may be *394 regarded as substantive, we have not deemed it necessary to ■consider whether the proposed transaction falls within the ■operation of section 3477 of the Revised Statutes, and is void as a transfer of an interest in a claim against the United States. It is unnecessary to consider this question, unless the admission of the^cknowledgment in evidence .amounts to a substantial efflj^Mment of the whole instrument, and we think that noJP^ result is involved.
For these reasons we are of (Maion that the paper oifered by the plaintiff tended to prove an acknowledgment that the debt sued on was a subsisting debt, from which the law would imply a promise to pay it; and that it was error to exclude such evidence.
Judgment below is accordingly reversed.